IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL ALLAN McCORMICK, # 284527, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 2:16cv834-WKW |
| | )   (WO) |
| CHRISTOPHER GORDY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on petitioner Samuel Allan McCormick's ("McCormick")

self-styled "Motion for Rule 60(b)(4) for Void Judgments" (Doc. No. 1) and McCormick's Motion

for Summary Judgment (Doc. No. 3). McCormick challenges the validity of his September 2008

guilty plea conviction in the Covington County Circuit Court for the offense of harassment. For

the reasons that follow, the court finds McCormick is entitled to no relief and that this case should

be dismissed.[1]

**BACKGROUND**

McCormick is currently serving concurrent ten-year Alabama prison sentences, imposed

in June 2012, for the offenses of sexual abuse of a child under the age of 12 years and enticement

of child for immoral purposes, violations of 1975 Ala. Code §§ 13A-6-69.1 and 13A-6-69,

respectively. In December 2007, well before his incarceration on the sentences he is serving,

McCormick was convicted in the Florala (Alabama) Municipal Court on a charge of domestic

---

[1] The court has conducted a preliminary review of the petition and concludes that it is subject to
dismissal without directing an answer by the respondents. *See* Rule 4, *Rules Governing Section
2254 Cases in the United States District Courts*; 28 U.S.C. § 2243.

violence.  He appealed that conviction to the Covington County Circuit Court,[2] where, on September 24, 2008, he pled guilty to the lesser offense of misdemeanor harassment.  For that offense, he was sentenced to 30 days in jail.

## DISCUSSION

In his self-styled "Motion for Rule 60(b)(4) for Void Judgments," McCormick argues that his 2008 Alabama harassment conviction is void because, he says, he was earlier prosecuted and acquitted in a Florida state court for the same conduct underlying the Alabama harassment conviction.[3]  Doc. No. 1 at 1-5.

McCormick purports to seek relief under Rule 60(b)(4).  *Id*.; Doc. No. 3.  He does not specify if he means Rule 60(b)(4) of the Alabama Rules of Civil Procedure, or Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Clearly, however, the Alabama Rules of Civil Procedure do not govern actions in federal court.  *See* Ala.R.Civ.P. 1 (Alabama Rules of Civil Procedure govern civil actions in state courts of Alabama).  "The rules of procedure that apply in federal cases – even those in which the controlling substantive law is that of a state – are the Federal Rules of Civil Procedure."  *Palm Beach Golf Center - Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d 1245, 1260 (11th Cir. 2015) (quoting *Lewis v. Womack Army Med. Ctr.*, 886 F.Supp.2d 1304, 1307 (N.D. Fla. 2012)).  Because the Alabama rules afford no vehicle for obtaining relief in federal court, any

---

[2] Defendants convicted in Alabama's municipal courts may appeal from such judgments to the circuit court of the circuit in which the violation occurred for trial de novo.  *See* § 12-14-70(a), Ala. Code 1975.

[3] In his Motion for Summary Judgment, McCormick asserts that he is entitled to relief as a matter of law on the grounds stated in his Rule 60(b)(4) motion.  Doc. No. 3 at 1.

attempt by McCormick to obtain relief in this court under Rule 60(b)(4) of the Alabama Rules of Civil Procedure is wholly unavailing.[4]

Nor does Rule 60(b)(4) of the Federal Rules of Civil Procedure afford McCormick a vehicle for challenging a state court judgment.  The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts."  Fed.R.Civ.P. 1.  While Fed.R.Civ.P. 60(b) may be used to challenge the integrity of a previous *federal* habeas corpus proceeding, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), it may not be used to challenge or assert claims of error in a state conviction, *id.* at 538.  There is no previous federal habeas corpus proceeding regarding McCormick's 2008 Alabama conviction for harassment; rather, McCormick seeks directly to undo that state conviction.  Therefore, the Federal Rules of Civil Procedure, including Rule 60(b)(4), afford him no basis for relief here.

The proper manner for a state prisoner to challenge a state judgment of conviction in the federal district courts is through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See, e.g., Figueroa v. Rivera*, 147 F.3d 77, 81 (5th Cir. 1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("The exclusive method of challenging an allegedly unconstitutional state conviction in the lower federal courts is by means of a habeas corpus action.").  However, a federal district court may entertain a petition for writ of habeas corpus under 28 U.S.C. § 2254 only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The "in custody" requirement is jurisdictional.  *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).  To satisfy the "in custody" requirement, "the

---

[4] McCormick's original pleading (Doc. No. 1) and his Motion for Summary Judgment (Doc. No. 3) refer only to Rule 60(b)(4) without indicating whether McCormick means the federal or state rule.  In a subsequent filing with this court, McCormick refers to his original pleading as an "A.R.Civ.P. 60(b)(4) Motion" (Doc. No. 6 at 3), which suggests he believes he is proceeding under Alabama's rule.

habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  A person is "in custody pursuant to the judgment of a State court" if the state court sentence has not fully expired. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (petitioner on parole was "in custody," even though not physically confined).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 491.

McCormick's 30-day sentence for his 2008 Alabama harassment conviction has long since fully expired.  Therefore, he was not "in custody" under that conviction or sentence when he filed the instant action.[5]  Consequently, even if McCormick's pleading is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 – the only vehicle for attacking a state court judgment of conviction in federal district court – this court is without jurisdiction to entertain such a petition.

## CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that:

(1)  McCormick's self-styled "Motion for Rule 60(b)(4) for Void Judgments" be DENIED and this case be DISMISSED with prejudice, because (a) neither Rule 60(b)(4) of the Alabama Rules of Civil Procedure nor Rule 60(b)(4) of the Federal Rules of Civil Procedure provides McCormick a vehicle from relief in this court from his state conviction, and (b) this court is without jurisdiction to entertain a petition for writ of habeas corpus under 28 U.S.C. § 2254, as McCormick is not "in custody" under the state court judgment he challenges.

(2)  McCormick's Motion for Summary Judgment (Doc. No. 3) be DENIED.

---

[5] Because McCormick's harassment conviction was a misdemeanor, it was not subject to use for sentence enhancement of any later felony conviction under Alabama's habitual felony offender statute.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 1, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, on this the 17th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge