IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL ALLAN MCCORMICK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.  2:16-CV-834-WKW [WO] |
| CHRISTOPHER GORDY and LUTHER STRANGE, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is the Recommendation of the Magistrate Judge.  (Doc. # 10.)

On November 21, 2016, Plaintiff Samuel Allan McCormick filed his self-styled

Objection to the Purported Recommendation of Susan R. Walker.  (Doc. # 12).  The

court has conducted an independent and *de novo* review of those portions of the

Recommendation to which objection is made.  *See* 28 U.S.C. § 636(b).

Mr. McCormick urges that, against all odds, Rule 60(b)(4) really is the proper

vehicle for his challenge to his 2008 Alabama harassment conviction.  (Doc. # 12 at

2–3.)  Plaintiff does not specify whether he is referring to the Alabama Rules of Civil

Procedure or the Federal Rules of Civil Procedure—rather, he appears to refer to the

two collectively.  But neither rule applies in this case: Alabama's Rule 60(b) is

inapplicable, as "[t]he rules of procedure that apply in federal cases—even those in which the controlling substantive law is that of a state—are the Federal Rules of Civil Procedure." *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.,* 781 F.3d 1245, 1260 (11th Cir. 2015).  The federal Rule 60(b) is similarly inapplicable. "[T]he appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement" is a petition for a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  And although a Rule 60(b) motion may be treated as a habeas petition, *see Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005), the court lacks jurisdiction to entertain such a petition because Mr. McCormick is not "in custody in violation of the Constitution or laws or treaties of the United States" under the challenged state-court judgment.  28 U.S.C. § 2254(a); *see Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) ("Federal courts have jurisdiction to entertain habeas corpus petitions only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States.") (citation and internal quotation marks omitted) (emphasis in original).  Therefore, neither Rule 60(b)(4) of the Alabama Rules of Civil Procedure nor Rule 60(b)(4) of the Federal Rules of Civil Procedure affords Mr. McCormick the relief he seeks.

Accordingly, it is ORDERED as follows:

1.    Plaintiff Samuel Allan McCormick's "Objection to the Purported Recommendation of Susan R. Walker" (Doc. # 12) is OVERRULED;

2.      The Recommendation of the Magistrate Judge (Doc. # 10) is ADOPTED;

3.      Plaintiff's Motion for Summary Judgment (Doc. # 3) is DENIED; and

4.      This case is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 30th day of November, 2016.

                         /s/ W. Keith Watkins
                  CHIEF UNITED STATES DISTRICT JUDGE